IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

J. ALLEN BEVERLY                                                                            PLAINTIFF

v.                                       NO. 4:06CV01411 JLH

DOUGLAS G. COLLIER                                                                       DEFENDANTS

APRIL BEVERLY                                                                                 PLAINTIFF

v.                                       NO. 4:06CV01414 JLH

DOUGLAS G. COLLIER; JOUETT A.
BEVERLY; and JOHN DOES I-V                                                          DEFENDANTS

**OPINION**

      This case arises out of a collision between a motorcycle operated by J. Allen Beverly and a pick-up truck, which Douglas Collier was driving, pulling a horse trailer.  April Beverly, the wife of J. Allen Beverly, was a passenger on the motorcycle.  J. Allen Beverly filed suit against Douglas Collier, while April Beverly filed suit against both Douglas Collier and her husband.  The cases were consolidated.  After the cases were consolidated, the parties filed a joint motion to compel arbitration stating that they had agreed to arbitration before a specific arbitrator on a specific date, and that they voluntarily waived their right to trial by jury.  The Court granted the motion.

      The arbitrator conducted a hearing and received evidence, after which he issued a written opinion.  In his written opinion, the arbitrator stated that he had been asked by the Beverlys to determine that Collier was at fault and to award a judgment against him.  In the alternative, if he found J. Allen Beverly at fault, April Beverly had asked for judgment against her husband for the injuries that she sustained.  According to the arbitrator's opinion, April Beverly testified that she did not believe her husband was negligent and that she had brought the claim against him to protect herself in the event of a finding of fault on his part.

The arbitrator stated that this was a difficult case to decide because J. Allen Beverly testified that he was on his own side of the center lane when the accident occurred, Douglas Collier testified that he was on his own side of the center lane when the accident occurred, both witnesses were credible, and the objective evidence did not resolve the conflict in testimony. Then the arbitrator held:

> That leads me to a difficult decision. The Plaintiffs brought this action and under Arkansas law, they have the burden of proving that the Defendant was at fault. The Defendant does not have to prove anything. Unless the trier of fact is persuaded by a preponderance of the evidence (more than 50%) of the Plaintiffs' assertions, the trier of fact must find in favor of the Defendant. That is the case here. I am not persuaded one way or the other as to who caused this accident. Since the burden of proof is on the Plaintiff[s], I must therefore find that they have failed to sustain their burden of proof and deny and dismiss their claims. That includes the claim of April Beverly against her husband, Allen Beverly, and, I assume, the underinsured motorist claim against Farmers Insurance Company.

April Beverly has filed a motion for reconsideration and vacation of the arbitration award. J. Allen Beverly and Douglas Collier have filed a joint motion for confirmation of the arbitration award and entry of judgment.

The Federal Arbitration Act provides the following bases for vacating an arbitration award:

(1)     the award was procured by corruption, fraud, or undue means;

(2)     there was evident partiality or corruption in the arbitrator;

(3)     the arbitrator was guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversies; or of any other misbehavior by which the rights of any party have been prejudiced; or

(4)     the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). April Beverly does not argue that any of these statutory grounds for vacating an arbitration award apply in this case. Instead, she argues that the arbitrator's decision evidences a manifest disregard of the law, and she cites *Schoch v. InfoUSA*, 341 F.3d 785, 788 (8th Cir. 2003), where the Eighth Circuit recognized two "extremely narrow" judicially created standards for vacating an arbitration award, one of which was that the award evidences a manifest disregard for the law. An arbitrator's award manifests disregard for the law where the arbitrator clearly identifies the applicable, governing law and then proceeds to ignore it. *Id*.

April Beverly argues that the arbitrator's decision here evidences a manifest disregard for the law because it presumes that she was guilty of fault when in fact there was no evidence that she was at fault, because the arbitrator erred in ruling that she failed to show the fault of either or both defendants, because the arbitrator erred in concluding that she failed to prove proximate cause, because the arbitrator erred in overlooking concurrent causation, and because the arbitrator erred in comparing her alleged fault to that of the defendants jointly rather than severally. None of these arguments has merit.

The arbitrator did not find that April Beverly was at fault nor did the arbitrator presume that she was at fault. The arbitrator ruled that April Beverly failed to show the fault of either or both defendants, but that ruling does not presume that she was at fault. The law is, as the arbitrator correctly noted, that April Beverly had the burden of proving her claim by a preponderance of the evidence. Her claims against Douglas Collier and J. Allen Beverly were separate and distinct claims. The arbitrator held that she had not proven that Douglas Collier was negligent and that she had not proven that J. Allen Beverly was negligent. Neither of these holdings by the arbitrator represents a manifest disregard for the law.

It is not true that the arbitrator erred in concluding that April Beverly failed to prove proximate cause. She argues that the evidence showed that one of the defendants or both of them crossed the center line, but she does not say which of them that she proved had crossed the center line. The arbitrator held, "I am not persuaded one way or the other as to who [sic] caused this accident." That holding does not represent a manifest disregard for the law.

The arbitrator did not err in overlooking concurrent causation, nor did the arbitrator err in comparing plaintiff April Beverly's alleged fault to that of the defendants jointly, rather than severally. The arbitrator never reached the issue of comparative fault because he held that April Beverly had not proven fault as to either of the defendants. While that finding may be inaccurate, it does not represent a manifest disregard for the law.

## CONCLUSION

This Court cannot vacate an arbitration award simply because the Court may disagree with the arbitrator's analysis of the facts, nor may the Court vacate the arbitration award because it regards the decision as fundamentally unfair. *Hoffman v. Cargill Inc.*, 236 F.3d 458, 462 (8th Cir. 2001). Whether the arbitrator correctly analyzed the facts or rendered a fair decision is not before the Court. the only issue before the Court is whether the arbitrator's decision evidences a manifest disregard for the law. It does not. Therefore, the arbitrator's decision must be confirmed.

IT IS SO ORDERED this 12th day of October, 2007.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE